[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 31 May 2001 DATE OF APPLICATION: 06 August 2001[1]
DATE OF DECISION: 25 June 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Hartford at GA 12. Docket Number CR00-175818.
Robert Britt, Esq., Counsel for the Petitioner.
Victor Carlucci, Esq., Counsel for the State, Assistant States Attorney.
SENTENCE: ORDERED MODIFIED
 BY THE DIVISION
Mark Anderson, petitioner, entered pleas of guilty to the offenses of Carrying a Pistol Without a Permit, a violation of General Statute § CT Page 1150129-35, which offense carries a penalty of not less than one (1) year nor more than five (5) years incarceration, and Sale of Narcotics, a violation of General Statute § 21a-277 a, which offense carries a penalty of not less than one (1) year nor more than fifteen (15) years incarceration.
The record reflects in return for the petitioner's pleas a net effective sentence of three (3) years incarceration to be followed by three (3) years special parole was agreed upon. Although the plea canvass transcript was not available to the Division, it appears that the petitioner, who was represented by counsel, waived the preparation of a pre-sentence investigation (PSI) and requested of the trial court that he be allowed to remain free during the pre-sentencing period for the purpose of providing petitioner with the opportunity to put certain personal affairs in order in anticipation of the prison sentence. The trial court acceded to the request, but in no uncertain terms strongly advised petitioner that in the event that petitioner failed to appear in court on the day of sentencing the court had the authority to sentence the petitioner in absentia and would impose the maximum sentence for each offense, one consecutive to the other. The matter was continued to May 31, 2001 for sentencing.
Counsel for the petitioner appeared on May 31, 2001, the day of sentencing. The petitioner did not. The court inferred that the failure of the petitioner to appear on that date was wilfull.
The trial court listened to the argument of counsel for the petitioner. The court thereafter sentenced the petitioner, in absentia, for the crime of Carrying a Pistol Without a Permit — to a term of five (5) years, and for the crime of Sale of Narcotics — to a term of fifteen (15) years, both to be served consecutively, one to the other, for a net effective sentence of twenty (20) years incarceration.
It is this sentence the petitioner seeks to have reviewed.
A review of the file[2] relevant to the underlying facts for the offenses revealed that the police had a location under surveillance. As a result of this surveillance the police observed a vehicle occupied solely by the operator pull up to a pedestrian, observed what they believed to be a drug transaction and the vehicle drove away. The pedestrian was stopped and after a struggle .9 grams of suspected cocaine was found in his hand.
The police advised other law enforcement officers to conduct a stop of the suspect vehicle. The suspect vehicle was stopped. The petitioner was CT Page 11502 the operator and sole occupant of the vehicle. A search of the petitioner revealed approximately $1,824 in U.S. currency on his person. A search of the vehicle revealed a 9 mm. Smith and Wesson handgun, under the driver's seat, loaded, with five rounds one of which was in the chamber. The petitioner was placed under arrest and transported to the station house. A search of the police vehicle that had transported the petitioner to the station house revealed 2.9 grams of suspected cocaine which, under the circumstances, the possession of which was attributed to the petitioner.
At the hearing before the Division counsel for the petitioner stressed that it is common practice in such matters as a failure to appear, a defendant would be sentenced anywhere from one (1) to two (2) years consecutive to any sentence previously agreed upon. Counsel for petitioner stressed that this particular sentence imposed was an "aberration" and that "there is no justification for such a harsh sentence."
Counsel for petitioner indicated the petitioner came to the United States in 1984 and became fully employed as an automobile technician. Counsel intimated that a confluence of personal matters (the death of his grandmother in Jamaica and the pregnancy of his girlfriend) contributed to this out of character behavior. Counsel advised the court that the petitioner's criminal history was minimal in that it consisted of convictions for Larceny in the Sixth Degree and Breach of Peace. Counsel pointed out that the petitioner was taken into custody by police on July 9, 2001.
The petitioner addressed the court and apologized to the sentencing judge, the Review panel and his family.
Counsel for the state indicated that it was "within the province of the (sentencing) court to impose the (enhanced) sentence."
The underlying facts of the possession of the loaded firearm without a permit combined with the sale of a quantity of narcotics are most serious. Under the circumstances it appears the trial court gave significant consideration to the situation of the petitioner at the time of plea negotiations.
A sentence of three (3) years incarceration to be followed by three (3) years special parole was the sentence bargained for and formed the basis of the petitioner's pleas.
The only additional factor that can be ascertained from the record that entered into the court's consideration on May 31, 2001 was the apparent CT Page 11503 wilful failure of the petitioner to appear in court on the day of sentencing. For this factor, which is certainly aggravating in nature, the court imposed what in effect is a seventeen (17) year sentence to be in addition to that sentence which was bargained for.[3]
Pursuant to Connecticut Practice Book §§ 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §§43-28 et seq., and Connecticut General Statute §§ 51-94 et seq.
This Division appreciates the frustrations of the trial courts who are responsible for the movement and reduction of the large caseloads in the various geographical areas and judicial districts.
However, in reviewing the record as a whole, the Division finds that the sentencing court's actions of May 31, 2001, were not in accordance with the parameters established by Conn. Practice Book §§ 43-23 et seq. The enhanced sentence imposed in the matter herein was disproportionate in light of the nature of the apparent willful failure of the petitioner to appear at sentencing and in consideration of other appropriate factors.
The matter is referred to the Superior Court, Geographical Area #12, and pursuant to General Statute § 51-196 the Superior Court shall resentence the petitioner to a net effective sentence of eight (8) yearsincarceration for both offenses to which findings of guilty were previously entered.
The respective terms of incarceration are to be allocated between the two crimes by the Superior Court in a manner consistent with the order of the Division.
The sentence imposed was disproportionate to others similarly situated.
The Sentence is ORDERED MODIFIED.
Miano, J. CT Page 11504
Norko, J.
Iannotti, J.
Miano, J., Norko, J. and Iannotti, J. participated in this decision.